**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

TONY G. HEWITT,

          Plaintiff,

  vs.

OFFICER WILSON, et. al.

          Defendants.

3:11-cv-00642-RCJ (WGC)

**ORDER**

Before the court is Plaintiff's Motion for Reconsideration of Order. (Doc. # 14.)[1] Defendants opposed (Doc. # 17) and Plaintiff replied (Doc. # 21).

## I. BACKGROUND

Plaintiff is a pro se inmate who brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl. (Doc. # 6).) Plaintiff, who suffers from kidney failure and requires dialysis, complains that his constitutional rights were violated when he was improperly returned to housing following a serious medical procedure, where the receiving officer required his arms be shackled and the shackling damaged the surgical site causing him injury and pain. (*Id.*) The surgery involved the placement of a fistula for dialysis. (*Id.*) Plaintiff claims that upon his return to prison after the surgery, despite written medical orders from the surgeon, and his own protests, defendant Wilson applied handcuffs to both of his arms, causing the surgical wound to bleed profusely, and resulting in severe pain. (*Id.*) He alleges that defendants Gedney, Peery, and Watson intentionally sent Plaintiff back to general housing instead of to the prison hospital despite doctor's orders. (*Id.*) He further asserts that defendants Peery and Gedney

---
[1] Refers to court's docket number.

were responsible for treating him at the prison and failed to ensure that his post-surgical care was adequate. (*Id.*) Finally, he claims that defendants Peery, Gedney, and Watson failed to relay medical orders to the correctional officers and deliberately ignored his surgeon's orders for surgical after-care. (*Id.*)

On screening, the court determined that Plaintiff states a colorable claim under the Eighth Amendment for deliberate indifference to a serious medical need against defendants Wilson, Watson, Gedney, and Peery. (Screening Order (Doc. # 7).)

On March 19, 2012, the court issued an order granting Plaintiff's application to proceed in forma pauperis, permitting Plaintiff to maintain the action to conclusion without prepayment of the filing fee; however, the order states that the grant of in forma pauperis status "shall not extend to the issuance of subpoenas at government expense." (Doc. # 13.)

At this time, Plaintiff seeks reconsideration of a portion of the court's order granting Plaintiff's in forma pauperis application which states that the grant of in forma pauperis status does not extend to the issuance of subpoenas. (Doc. # 14 at 1.) Plaintiff argues that he needs to subpoena three witnesses with respect to medical orders issued by his surgeon, Dr. Timothy King. (*Id.*) Plaintiff claims that he needs to subpoena these individuals because Defendants have told him that the medical orders that he not be placed in restraints following his surgery have been misplaced or do not exist. (*Id.*) He asserts that the subpoenaed witnesses will refute Defendants' claims. (*Id.* at 1-2.)

Defendants argue that the court cannot waive the payment of witness fees under the in forma pauperis statute. (Doc. # 17.) Defendants represent that they never told Plaintiff that the medical orders he requested could not be located. (*Id.* at 4.) Instead, defense counsel indicated to Plaintiff that no such orders existed in Plaintiff's medical records. (*Id.*) Prison medical staff reviewed Plaintiff's medical records for an order indicating that he should not be put in arm restraints in connection with the surgery in question, and the only document that in any way related to this subject matter is an inmate transfer summary form, which makes no reference to a doctor's order regarding restraints. (*Id.*, Doc. # 17-1 Ex. C (Snider

2

1  Decl.) at ¶¶ 5-6, Ex. A.) In addition, a report contained in Plaintiff's medical records by
2  nephrologist, Dr. Murphy, indicates that the surgical procedure was unrelated to handcuffs.
3  (*Id.* at ¶ 7, Ex. B.)
4       Defendants also provide the declaration of Plaintiff's surgeon, Dr. Timothy J. King.
5  (Doc. # 17-1 Ex. D.) Dr. King performed a surgery that involved the placement of a fistula for
6  dialysis, and while he does not have a specific recollection of this surgery, based on his normal
7  habit and practice, he indicates that he would not find it necessary that an inmate be free from
8  arm restraints or cuffs following fistula placement. (*Id.* at ¶ 7.)
9       Finally, Defendants provide the declaration of defense counsel's legal assistant who was
10 present and listened (with Plaintiff's knowledge) to the settlement conversation that took
11 place between Plaintiff and defense counsel on March 6, 2012. (Doc. # 17-1 Ex. E (Nelson
12 Decl.) at ¶¶ 1-2.) Ms. Nelson confirms that defense counsel went over the grounds that
13 warranted dismissal of the case in his view, including the fact that no orders existed to support
14 Plaintiff's allegations that Dr. King ordered Plaintiff not be put in arm restraints following
15 surgery. (*Id.* at ¶ 6.) Ms. Nelson further confirms that defense counsel did not claim that the
16 medical orders had been misplaced or that they could not be located; rather, it was indicated
17 that any such medical orders did not exist. (*Id.*)
18      In his reply, Plaintiff maintains that Dr. King did issue written and verbal orders to
19 transporting officers not to place Plaintiff in restraints following his surgery. (Doc. # 21.)
20 Plaintiff claims that Nevada Department of Corrections and Dr. King have conspired against
21 Plaintiff to violate his rights by lying about the medical orders. (*Id.*) He asserts that his version
22 of events will be vindicated by the testimony of the transporting officers that he wishes to
23 subpoena. (*Id.*)

## II. DISCUSSION

25      The Federal Rules of Civil Procedure do not contain a provision governing the review
26 of interlocutory orders. "As long as a district court has jurisdiction over the case, then it
27 possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory

3

order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.* at 887. While other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59 (e). *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 3:08-cv-00353-RCJ-VPC, 2010 WL 1727841, at *1-2 (D. Nev. 2010)).

"A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Rizzolo*, 2010 WL 3636278, at *1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (quoting *United States Aviation Underwriters v. Wesair, LLC*, No. 2:08-cv-00891-PMP-LRL, 2010 WL 1462707, at *2 (D. Nev. 2010) (internal citation omitted)).

Plaintiff has not presented "facts or law of a 'strongly convincing nature'" to support the court's revising its order. Plaintiff has cited no authority that allows a court to waive subpoena costs for an indigent plaintiff. In fact, the Ninth Circuit has recognized that "28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses." *Dixon v. Yist*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989).

While Plaintiff disputes Defendants' contention that the medical orders Plaintiff refers to do not exist, the law is clear that the court cannot waive the payment of fees or expenses related to subpoenas. If Plaintiff can obtain funds to cover the costs for the subpoenas, he may

renew his request for the issuance of subpoenas.  In the interim, *but only upon the issuance of a scheduling order*, Plaintiff may conduct written discovery directed towards Defendants (not third parties) pursuant to the Rules of Civil Procedure.

Accordingly, Plaintiff's motion (Doc. # 14) is **DENIED**.

**IT IS SO ORDERED**.

DATED:  April 23, 2012.

*/s/ William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE