UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY G. HEWITT,<br><br>    Plaintiff,<br><br>vs.<br><br>WILSON, *et. al.*,<br><br>    Defendant | 3:11-cv-00642-RCJ-WGC<br><br>**<u>ORDER</u>** |

    Before the Court are certain motions filed by Plaintiff Hewitt: (1) motion for a court order to obtain, copy, and utilize medical documents to support his opposition to motion for summary judgment (Doc. # 30), to which Defendants filed a response in opposition (Doc. # 33); (2) motion for his complete medical file to be brought before the court under seal for in camera inspection (Doc. # 32), to which Defendants filed a response in opposition (Doc. # 36); (3) motion for sanctions against Defendants (Doc. # 42) to which Defendants filed a response in opposition (Doc. # 47); and a Motion to Submit Exhibit "A" in opposition to Defendants' Motion for Summary Judgment (Doc. # 43), to which Defendants response stating that they do not oppose this motion by the Plaintiff (Doc. # 47).

**I. Procedural History**

    Plaintiff, a pro se Nevada inmate, filed a Complaint on September 6, 2011, against Defendants Wilson, John Deery, Karen Gedney, Bruce Bannister, and Adam Watson alleging that they violated Plaintiff's civil rights by acting with deliberate indifference to his health under

1

a 42 U.S.C. § 1983 claim. Doc. # 1. Plaintiff's Complaint was reviewed by District Judge Robert C. Jones, who issued a screening order for the case, dismissing claims against defendants Fedney, Peery, and Watson without prejudice for not substantiating the Plaintiff's injuries with any action taken by those defendants. Doc. # 4 at 4. Plaintiff was given thirty (30) days to amend his Complaint. *Id.*

Plaintiff filed an Amended Complaint on October 27, 2011, against Defendants, again alleging a claim under 42 U.S.C. § 1983 that Defendants violated Plaintiff's civil rights under the color of law by displaying deliberate indifference to his medical health, resulting injury. Doc. # 6. More specifically, Plaintiff asserts that on February 15, 2011, Plaintiff underwent surgery to install a shunt in Plaintiffs right arm to receive treatment for dialysis, to manage kidney problems. Doc. # 6 at 5. Plaintiff claims that the physician for the surgery, Dr. King, instructed the guards to not use hand restraints on Plaintiff for several days to prevent injury to his right arm. *Id.* Plaintiff was then transported to the housing unit of the prison instead of to the infirmary. *Id.* at 6. Plaintiff states that, despite Plaintiff's objections, defendant Wilson applied restraints to his hands. *Id.* Plaintiff claims that in consequence of the restraint placed on his right arm, blood immersed from the scares from the shunt in right arm, at which point he was then taken to the prison infirmary. *Id.* at 6. Plaintiff maintains that he suffered damage to his arm that restricts the use of the arm in dialysis and hence a shortening of his life. *Id.* at 7. Plaintiff claims that guards were told of his condition but willfully ignored it and restrained his arm, leading to his injury. *Id.* at 6.

A second Screening Order was issued by Judge Jones on December 7, 2011, allowing Plaintiff's action to proceed but dismissed defendant Bannister from the action with prejudice. Doc. # 7.

Defendants filed a Motion for Summary Judgment on May 18, 2012. Doc. # 28. Defendants argue that therein Plaintiff did not have an informed restriction notice from Dr. King to be free from arm restraints (*Id.* at 3), that Dr. King refutes the need for an inmate to forgo arm restraints after such a surgery in a signed statement (*Id.*), that Defendants had no orders instructing them not to place arm restraints on Plaintiff (*Id.*), and that Plaintiff fails to show that

2

1 Defendants acted in conscious disregard to Plaintiff's health. *Id.* at 6. Plaintiff was allowed to file
2 a response to Defendants' Motion for Summary Judgment by June 11, 2012. The Defendants
3 Motion for Summary Judgment is currently under submission to the court. Doc. # 28.

**II. Discussion**

    **a. Plaintiff's Motion to Submit Exhibit "A" (Doc. # 43).**

Plaintiff's Motion to Submit Exhibit "A," (Doc. # 43) was filed on June 18, 2012, in which he submits medical records to the court for consideration in opposition Defendants' Motion for Summary Judgment (Doc. # 28). Therein, Plaintiff maintains that the documents in Exhibit "A" are to "verify that Plaintiff did so have a serious medical need as Plaintiff was hospitalized for several weeks immediately following the second fistula surgery, which is in opposition to Defendants statements, that there was no serious medical need." *Id.* at 1.

In accordance with Federal Rules of Civil Procedure 56 and Local Rule 56-1, parties in opposition to a moving party's motion for summary judgment may file a response with evidence intended to argue issues of material fact against the moving party's motion. Fed. R. Civ. P. 56; LR 56-1. Plaintiff maintains that information presented in Exhibit "A" can bring into question statements made by Defendants in their Motion for Summary Judgment (Doc. # 43). Defendants also filed a response to Plaintiff's motion on June 29, 2012, stating that they do not oppose it. Doc. # 47 at 3.

Good cause appreciates Plaintiff's Motion to Submit Exhibit "A" (Doc. # 43) and it is therefore **GRANTED**.

    **b. Plaintiff's Motion for a Court Order for Medical Documents (Doc. # 30).**

Plaintiff also filed a Motion for a Court Order on May 29, 2012, to compel the release of his medical documents to him. Doc. # 30. Plaintiff, however, later states in his Motion to Submit Exhibit "A" that he already obtained his "medical file documents on [June 7, 2012]." Doc. # 43 at 1. If Plaintiff has already viewed his medical documents, then the court finds no reason to entertain Plaintiff's Motion for a Court Order (Doc. # 30) to view them again.

Therefore, Plaintiff's Motion for a Court Order (Doc. # 30) is denied as **MOOT**.

///

### c. Plaintiff's Motion for a Court Order to Seal and Deliver Medical Documents to the Court for In Camera Review (Doc. # 32).

Subsequent to Plaintiff's Motion for a Court Order (Doc. # 30), Plaintiff filed a request for a court order on May 31, 2012, that his "medical file be brought before the court under seal, and nothing to be removed from Plaintiff's entire medical file, from the date of incarceration, for a complete in camera inspection before this court." Doc. # 32. Plaintiff asserts that "Defendants have in the past removed documents and will continue to remove documents in the future," and according to Plaintiff, a court order is required to prevent Defendants from further alleged document tampering. *Id.*

However, Plaintiff does not provide in his motion any supporting information to his claims of Defendants' document tampering, nor does he even specify what documents he supposes were removed. Without such information, the court could not even begin to undertake such an endeavor as to search through Plaintiff's entire medical record. Furthermore, it is not the responsibility of the court to undertake such an obligation for Plaintiff. Discovery documents are in and of themselves not filed with the court. LR 26-8.

Further, if Plaintiff desires the court to use the document found *in camera* as evidence of an issue of material fact in consideration of Defendants Motion for Summary Judgment (Doc. # 28), such a petition on the part of Plaintiff is also unacceptable to the court without a proper motion. Local Rule 56-1 requires a party opposing a motion for summary judgment, as Plaintiff is herein, to set forth "each fact" that is "material to the disposition of the motion…citing to…other evidence upon which the party relies." LR 56-1. Plaintiff has not cited any specific facts or documents in his motion (Doc. # 32) which he thinks is material for the court to glean from his entire medical record and therefore is contrary to Local Rule 56-1.

Since Plaintiff was allowed to view his medical file on June 7, 2012 (Doc. # 43) and allowed to submit documents (*Id.*) and has filed a response to Defendants' Motion for Summary Judgment (Doc. # 31), the court finds that Plaintiff has already had adequate opportunity to view his medical file without need of relief from the court. Also, as with Plaintiff's previous Motion for a Court Order (Doc. # 30), the court finds that matters precipitating Plaintiff's motion to

4

request a court order (Doc. # 32) have been resolved. Therefore the court denies Plaintiff's motion (Doc. # 32) as **MOOT**.

### d. Plaintiff's Motion for Sanctions (Doc. # 42).

Plaintiff filed a Motion for Sanctions on June 18, 2012, against Defendants under Civil Rules of Procedure 11, alleging the withholding of Plaintiff's legal mail. Doc. # 42 at 1. Plaintiff maintains that his legal mail was returned to him through the Prison Law Librarian, Ms. Simmons on June 13, 2012. *Id.* at 3. Plaintiff claims that he delivered the legal mail to NNCC (Northern Nevada Correctional Center) medical staff on June 8, 2012, and that they later gave it to Ms. Simmons instead of delivering it in the mail. *Id.* Plaintiff claims that prison staff and Defendants orchestrated to deliberately withhold his mail "to hurt Plaintiff's civil case against them." *Id.*

However, Plaintiff provides little evidence to support his claims against Defendants. Plaintiff's only documentation in support of his assertions of the events is a statement of another inmate and prison copy form. The other inmate, Donald T. Allen, only testifies that Ms. Simmons returned the mail to Plaintiff after it was given her by NNOC infirmary staff and that Plaintiff claimed the papers should have been sent out earlier. Doc. # 42 at 5. The prison copy form only shows that on May 21, 2012, Plaintiff requested that he could make copies for the documents he was preparing. Id. at 7. Plaintiff provides no evidence directly confirming his claims, nor connecting any of the named defendants to the delivery or non-delivery of his mail.

Further, Federal Rules of Civil Procedure 11 is more designed to sanction party's attorneys for filing improper motions to the court. Fed. R. Civ. P. 11. Plaintiff's claim does not concern an improper motion filed to the court, but a rather addresses an alleged interference by one party with another party's right of access to the court, which Rule 11 does not cover. The court therefore finds no basis for Plaintiff's claim under Federal Rules of Civil Procedure 11.

Plaintiff has also not shown that he was adversely affected by any supposed interference on the part of Defendants. Plaintiff only purports that Defendants "purposefully withheld my legal mail to cause me to lose my case against them." Doc. # 42 at 2. However, the court has not held any adverse action against Plaintiff for any late filings. It does not appear that Plaintiff has been unable to file any necessary motions to the court, as the numerous motions filed by Plaintiff, which are addressed herein, would attest. Defendants filed an opposition to this Plaintiff's motion on June 29, 2012, making similar arguments to those stated above by the court. Doc. # 47 at 1-3.

Therefore, Plaintiff's Motion for Sanctions (Doc. # 42) is **DENIED**.

## III. CONCLUSION

**IT IS HEREBY ORDERED**, that Plaintiff's Motion to Submit Exhibit "A" (Doc. # 43) is **GRANTED**. Plaintiff may submit Exhibit "A" as evidence for consideration by the court in opposition to Defendants' Motion for Summary Judgment (Doc. # 28).

**IT IS FURTHER ORDERED**, that Plaintiff's Motion for a Court Order (Doc. # 30) to obtain his medical documents is declared **MOOT**.

**IT IS FURTHER ORDERED**, that Plaintiff's Motion to Request a Court Order (Doc. # 32), that his medical file be brought to the court under seal and viewed in camera is declared **MOOT**.

///

///

///

///

1      **IT IS FURTHER ORDERED**, that Plaintiff's Motion for Sanctions (Doc. # 42) against Defendants is **DENIED**.

**IT IS SO ORDERED**

DATED: June 29, 2012

                                                _____
                                                WILLIAM G. COBB
                                                UNITED STATES MAGISTRATE JUDGE