# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TONY G. HEWITT, | 3:11-cv-00642-RCJ-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| OFFICER WILSON, *et al.*, | |
| Defendants. | |

Before the court is Defendants Officer Wilson *et al.*'s Motion to Seal Medical Records Filed in Support of Defendants' Reply to Plaintiff's Opposition (Doc. # 31) to Motion for Summary Judgment (Doc. # 28). (Doc. # 37.) Defendants seek to seal Exhibits B and D attached to their reply brief. (Doc. # 39-1.) These exhibits contain portions of Plaintiff Tony G. Hewitt's medical records and relevant medical history. (*Id*.) Defendants contend "the significant interest in preserving the confidentiality of this private and sensitive information" outweighs the "need for public disclosure of this information . . . ." (Doc. # 37 at 2.) Defendants further argue Hewitt will not be prejudiced by a sealing of the records. (*Id*.) Hewitt has not objected to Defendants' motion.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotations and

citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010) (internal quotations and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. *See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10–02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, Civil No. 09–000545 SOM/BMK, 2010 WL4715793, at *1-2 (D. Haw. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08–1084 MMC (PR), 2010 WL3755654, at *4 (N.D. Cal. Sept. 24, 2010).

Here, Exhibits B and D contain Hewitt's sensitive health information, including his medical history, physical examination notes, physician's orders, medication logs and progress notes. Balancing the need for the public's access to information about Hewitt's medical history, treatment, and condition against the need to maintain the confidentiality of Hewitt's medical records, weighs in favor of sealing these Exhibits. Accordingly, Defendants Motion to Seal Medical Records (Doc. # 37) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: November 21, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2